UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ALEX NIKORA IV, on behalf of himself and all others similarly situated,<br><br>      Plaintiff,<br><br>  v.<br><br>LAPEER INDUSTRIES, INC.<br><br>      Defendant. | CASE NO. |

**CLASS ACTION COMPLAINT FOR**
**VIOLATION OF WARN ACT 29 U.S.C. § 2101, *ET SEQ*.**

Plaintiff Alex Nikora IV ("Plaintiff") alleges on behalf of himself and a class of similarly situated former employees of Lapeer Industries, Inc, ("Lapeer" or the "Defendant") as follows:

**NATURE OF THE ACTION**

1. On or about January 4, 2019, Defendant terminated without notice the employment of approximately 200 full-time employees.

2. Plaintiff, Alex Nikora IV, was an employee of Defendant until his termination on or about January 4, 2019.

3. The Plaintiff brings this action on behalf of himself, and other similarly situated former employees who worked for Defendant and who were terminated without cause, as part of, or as the foreseeable result of, plant closings or mass layoffs ordered by Defendant and who were not provided 60 days advance written notice of their terminations by Defendant, as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq*.

4. Plaintiff and all similarly situated employees seek to recover 60 days wages and benefits, pursuant to the WARN Act, from Defendant.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2104(a)(5).

6. Venue is proper in this District pursuant to 28 U.S.C. 1391(b)(1), (2) and 29 U.S.C. § 2104(a)(5).

## THE PARTIES

### *Plaintiff*

7. Plaintiff, Alex Nikora, worked as a plant manager for Defendant at Defendant's facility located at 3140 John Conley, Lapeer, Michigan (the "John Conley Facility" until his termination on or about March 14, 2019.

### *Defendant*

8. The Defendant Lapeer Industries, Inc. is a Michigan corporation with its principal place of business located at 400 McCormick Drive and 290 McCormack Drive, Michigan (the "McCormick Facility" and, together, with the John Conley Facility, the "Facilities") and conducted business in this district.

9. Until on or about January 4, 2019, Plaintiff and all similarly situated employees were employed by Defendant and worked at the Facilities.

10. Upon information and belief, Defendant made the decision to terminate the employment of Plaintiff and the other similarly situated former employees.

11. On or about January 4, 2019, Defendant began ordering mass layoffs or plant closings at the Facilities without providing its employees with 60 days' advance written notice

by laying off approximately 60 employees on or about that date.

12. Defendant continued to lay off 20 or so employees every few weeks until March 15, 2019 when it laid off approximately 60 more employees.

## WARN CLASS ALLEGATIONS, 29 U.S.C. § 2104

13. Plaintiff brings this claim for relief for violation of 29 U.S.C. § 2101 *et seq.*, on behalf of himself and on behalf of all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Fed. R. Civ P. 23(a), who worked at or reported to Defendant's Facilities and were terminated without cause on or about January 4, 2019, and within 90 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendant on or about January 4, 2019, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "Class").

14. The persons in the Class identified above ("Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

15. Upon information and belief, Defendant employed approximately 200 employees at the Facilities.

16. On information and belief, the identity of the members of the class and the recent residence address of each of the Class Members is contained in the books and records of Defendant.

17. On information and belief, the rate of pay and benefits that were being paid by Defendant to each Class Member at the time of his/her termination is contained in the books and records of the Defendant.

18. Common questions of law and fact exist as to each of the Class Members, including, but not limited to, the following:

    (a) whether the Class Members were employees of Defendant who worked at or reported to Defendant's Facilities;

    (b) whether Defendant terminated the employment of the Class Members without cause on their part and without giving them 60 days advance written notice in violation of the WARN Act; and

    (c) whether Defendant unlawfully failed to pay the Class Members 60 days wages and benefits as required by the WARN Act.

19. Plaintiff's claims are typical of those of the Class. Plaintiff, like other Class Members, worked at or reported to Defendant's Facilities and was terminated without cause on or about January 4, 2019, due to the mass layoffs and/or plant closings ordered by Defendant.

20. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel competent and experienced in complex class actions, including the WARN Act and employment litigation.

21. On or about January 4, 2019, Defendant terminated Plaintiff's employment as part of a mass layoff or a plant closing as defined by 29 U.S.C. § 2101(a)(2), (3), for which he was entitled to receive 60 days advance written notice under the WARN Act.

22. Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously

prosecute a lawsuit in federal court against corporate defendants, and damages suffered by individual Class Members are small compared to the expense and burden of individual prosecution of this litigation.

23. Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

24. Plaintiff intends to send notice to all Class Members to the extent required by Rule 23.

## CLAIMS FOR RELIEF

### Violation of the WARN Act, 29 U.S.C. § 2101, *et seq*.

25. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

26. At all relevant times, Defendant employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

27. At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a), and continued to operate as a business until it decided to order mass layoffs or plant closings at the Facilities.

28. On or about January 4, 2019, Defendant ordered mass layoffs and/or plant closings at the facilities, as that term is defined by 29 U.S.C. § 210l(a)(2) and 28 CFR § 639.3(i).

29. The mass layoffs or plant closings at the Facilities resulted in "employment

losses," as that term is defined by 29 U.S.C. § 2101(a)(2) for at least fifty of Defendant's employees as well as thirty-three percent (33%) of Defendant's workforce at the Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2l01(a)(8).

30. Plaintiff and the Class Members were terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by Defendant at the Facilities.

31. Plaintiff and the Class Members are "affected employees" of Defendant, within the meaning of 29 U.S.C. § 210l(a)(5).

32. Defendant was required by the WARN Act to give Plaintiff and the Class Members at least 60 days advance written notice of their terminations.

33. Defendant failed to give Plaintiff and the Class members written notice that complied with the requirements of the WARN Act.

34. Plaintiff and each of the Class Members, are "aggrieved employees" of Defendant as that term is defined in 29 U.S.C. § 2104 (a)(7).

35. Defendant failed to pay Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to make the pension and 401(k) contributions and provide employee benefits under COBRA for 60 days from and after the dates of their respective terminations.

36. The relief sought in this proceeding is equitable in nature.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief as against Defendant:

A. Certification of this action as a class action;

B. Designation of Plaintiff as the Class Representative;

C. Appointment of the undersigned attorneys as Class Counsel;

D. A judgment in favor of Plaintiff and the other similarly situated former employees equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other COBRA benefits, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104 (a)(1)(A); and

E. Such other and further relief as this Court may deem just and proper.

DATED: March 19, 2019

/s/ René S. Roupinian
René S. Roupinian, Esq. (P52737)
Jack A. Raisner, Esq.
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, New York  10017
Telephone: (212) 245-1000
rsr@outtengolden.com
jarr@outtengolden.com

*Attorneys for Plaintiff and the putative Class*